**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SEAN W. LEE,  :<br>             :<br>        Petitioner,  :<br>             :<br>        v.  :<br>             :<br> UNITED STATES OF AMERICA,  :<br>             :<br>        Respondent.  : | Civil No. 09-4721 (NLH)<br><br>**OPINION** |

**APPEARANCES:**

    SEAN W. LEE, Petitioner pro se
    #20178076
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

    Petitioner, Sean W. Lee ("Lee"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this petition for a writ of habeas corpus to void a judgment of conviction entered against him. This Court has reviewed the petition, together with petitioner's memorandum of law and exhibits (docket entry nos. 4, 5 and 6), and for the reasons set forth below, will dismiss this action for lack of jurisdiction.[1]

---

    [1] Lee submitted an application to proceed in forma pauperis ("IFP") in this matter, which avers and sets forth information that he is unable to pay the fees and costs of the proceedings.

I. BACKGROUND

Lee challenges a judgment of conviction entered against him in the United States District Court for the Western District of Tennessee (Memphis). He contends that the judgment is "void ab initio" because he did not receive effective assistance of counsel and due process of law in violation of his constitutional rights under the Fifth and Sixth Amendments. His petition and memorandum of law appear to be based on superfluous and nonsensical arguments in law regarding the sentencing court's jurisdiction over petitioner.

Lee also submits the following documents with his petition: (1) a demand for court records related to his arrest and charges for which he was convicted, (2) a writ of demand for competent counsel, (3) an affidavit denying that he is a corporation, (4) a constitutional demand to challenge the jurisdiction of the United States over petitioner, (5) a writ of praecipe, (6) an affidavit of default summary judgment, (7) a "constructive legal notice" that "revokes, cancels and renders" all documents, contracts and judgments against petitioner "null and void," (8) an "affidavit

---

However, Lee did not provide a certification signed by an authorized officer of FCI Fort Dix, where he is confined, certifying the amount he has on deposit in his prison account and the greatest amount on deposit in his account during the six months preceding the date of the certification. See Local Civil Rule 81.2(b). Nevertheless, because this Court must dismiss this matter for lack of jurisdiction, the Court will dismiss Lee's IFP application as moot. The Clerk of the Court will be directed to close the matter without assessing fees or costs accordingly.

of intent" that petitioner is a sovereign person, (9) a "writ of proclamation quo warranto/ex parte and affidavit of known truths," (10) an "Official Affidavit of Truth," (11) an affidavit in support of a letter rogatory, (12) a letter rogatory, and several other purported legal instruments, all of which are prolix, inane, and completely devoid of any facts pertaining to the judgment of conviction that Lee is attempting to challenge. In fact, Lee does not identify the judgment of conviction at issue, or the court in which it was entered.  He does allude to the United States District Court for the Western District of Tennessee (Memphis) in the second paragraph of his initial petition, but does not provide any dates or other information to identify the judgment of conviction.

This Court reviewed the Public Access to Court Electronic Records ("PACER") for any judgment of conviction entered against Sean William Lee in the United States District Court for the Western District of Tennessee (Memphis).  It appears that, on December 12, 2005, Lee pled guilty to one count of use of computer/telephone system for purpose of persuading a minor to engage in sexual acts, in violation of 18 U.S.C. § 2422(b), and one count of criminal forfeiture allegations under 18 U.S.C. § 2253.  Lee was sentenced on June 14, 2006, to a prison term of 188 months to be followed by supervised release for life.  As a condition of release, Lee also was ordered to participate in a

specialized sex offender treatment program.  See <u>United States v. Lee</u>, 2:05cr20120-JDB-1 (W.D. Tenn.)(redacted Judgment, docket entry no. 77).

On June 25, 2006, Lee filed a Notice of Appeal before the United States Court of Appeals for the Sixth Circuit regarding the conditions of release, namely, the requirement that he participate in a sex offender treatment program as a condition of release.  See <u>United States v. Lee</u>, 2:05cr20120-JDB-1 (W.D. Tenn.)(Docket entry no. 78).  On September 17, 2007, the Sixth Circuit dismissed Lee's appeal without prejudice, on the ground that it was not ripe for review.  See <u>id</u>. (Docket entry no. 92).  The mandate for the court's disposition of Lee's appeal was issued on November 2, 2007.  See <u>id</u>. (Docket entry no. 95).

It does not appear that Lee filed a motion to vacate his sentence or conviction pursuant to 28 U.S.C. § 2255.

This Court also takes notice that Lee has filed two other actions in this District Court, namely, <u>Lee v. U.S.A.</u>, Civil No. 09-3853 (NLH) and <u>Lee v. U.S.A.</u>, Civil No. 09-4902 (JBS), both of which appear to challenge the very same judgment of conviction on similar grounds.  Accordingly, this action appears to be duplicative.

III.   DISCUSSION

A.   Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Lee brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> © The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.   Jurisdictional Issue

Generally, challenges to a federal sentence or conviction are made by motion under 28 U.S.C. § 2255, brought before the sentencing court.  28 U.S.C. § 2255; Okereke v. United States,

307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

A motion under 28 U.S.C. § 2255, and not a writ of habeas corpus under 28 U.S.C. § 2241, is the presumptive means by which a federal prisoner can challenge his conviction or sentence that are allegedly in violation of the Constitution.  See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke, 307 F.3d at 120.  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under the general writ of habeas corpus, unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

6

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

Here, Lee does not contend that § 2255 is "inadequate or ineffective." In fact, he completely ignores § 2255 as a means for challenging his conviction. Instead, he manufactures

7

completely inane and nonsensical arguments that he is not subject to the jurisdiction of the United States, and won't even identify the judgment of conviction that he is attempting to void under a preposterous and delusional theory that federal jurisdiction does not exist over him.  Lee does not even indicate whether he has filed any direct appeal from his judgment of conviction, or a § 2255 motion to vacate that judgment before bringing this action, although it appears from a Court search on PACER that a direct appeal was filed and dismissed without prejudice, and a § 2255 motion was never filed in the court where Lee was sentenced.  Lee also fails to acknowledge that he has filed other actions in this District Court making similar allegations to void his judgment of conviction.

Accordingly, this Court concludes that Lee has not demonstrated that a § 2255 petition is inadequate or ineffective because he has failed to show any "limitation of scope or procedure [that] would prevent a § 2255 proceeding from affording him a full hearing and adjudication" of his claim for relief.  Cradle, 290 F.3d at 538.  Section 2255 is not "'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539.  Thus, there is no basis for Lee bringing this action under § 2241.

8

This Court construes this action, which seeks to challenge the validity of a judgment of conviction, as one for relief under 28 U.S.C. § 2255, rather than under § 2241. Regardless of the label used by Lee, the subject matter of the petition, and not the title he assigns, determines its status. The relief sought by Lee in this case falls squarely within the grounds for which a prisoner may challenge his sentence or conviction pursuant to Section 2255. See Reaves, 177 Fed. Appx. at 213 (a motion under § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence); United States v. Coleman, 162 Fed. Appx. 163, 164 (3d Cir. 2006) (same).

To the extent that Lee now wishes to challenge the validity of his conviction, he must do so by a motion under § 2255, which must be brought in the court where he was convicted and sentenced.[3] Moreover, because Lee did not raise his jurisdictional arguments in his direct appeal, he would likely be

---

[3] Any claims of ineffective assistance of counsel are generally raised on collateral review and not on direct appeal because they require examination beyond the record below. Therefore, Lee could raise a claim of ineffective assistance of counsel in a § 2255 motion. However, it would appear that a § 2255 motion may now be time-barred, and may have been so at the time Lee filed this action on September 15, 2009. His judgment of conviction was entered on June 14, 2006, and his direct appeal, limited to a discrete sentencing issue, was dismissed on September 17, 2007. However, because this Court is dismissing this action for lack of subject matter jurisdiction, the Court will refrain from discussing the procedural or substantive merits of the case.

precluded from raising it now.[4]  Indeed, it is clear from the record of his criminal proceeding that Lee consented to the jurisdiction of the United States District Court for the Western District of Tennessee (Memphis) because Lee actually pled guilty to the charges that are the subject of conviction judgment he now challenges.  Further, by virtue of his guilty plea, he acquiesced to a waiver of appeal.

Consequently, this Court lacks jurisdiction over this petition, and it should be dismissed accordingly.  Whenever a civil action is filed in a court that lacks jurisdiction, however, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, this Court finds that it would not be in the interests of justice to transfer this petition to the United

---

[4] Lee's direct appeal involved only that portion of his sentence which imposed the special condition of release requiring participation in a sex offender treatment program, namely, submission to penile plethysmograph testing.  The appeal was dismissed without prejudice on the ground that this specific claim was not yet ripe.  However, in its September 17, 2007 Opinion, the Sixth Circuit remarked that Lee's guilty plea served as a waiver of appeal, which would arguably foreclose his appeal.  The court entertained Lee's appeal because it "possibly implicate[d] [a claim of] ineffective assistance by his counsel."  See United States v. Lee, 2:05cr20120-JDB-1 (W.D. Tenn.)(Docket entry no. 92, Opinion at pg. 3).  Lee's present claims for relief from judgment, based on inane and nonsensical arguments that he is a sovereign not subject to the jurisdiction of the United States, does not implicate an ineffective assistance of counsel claim sufficient to overcome his waiver of appeal.  Nevertheless, this Court makes no findings with respect to the viability or merits of Lee's appeal arguments or claims for habeas relief because this Court lacks jurisdiction over this matter.

States District Court for the Western District of Tennessee (Memphis), because petitioner has declined to affirmatively identify the judgment of conviction challenged or the sentencing court from which the challenged judgment of conviction was issued.  Therefore, this petition will be dismissed with prejudice for lack of jurisdiction.

C.   Petitioner's Various Applications and Affidavits

   Because this petition will be dismissed for lack of subject matter jurisdiction, Lee's various applications and affidavits filed in this matter shall be dismissed as moot.

## CONCLUSION

   Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction.  All other applications and affidavits for relief submitted in this action are dismissed as moot.  An appropriate Order accompanies this Opinion.


                                     /s/ NOEL L. HILLMAN
                                    NOEL L. HILLMAN
                                    United States District Judge
At Camden, New Jersey

Dated: SEPTEMBER 30, 2010